# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FURUNO ELECTRIC CO., LTD., | ) C.A. No. |
| FURUNO U.S.A., INC., | ) |
| NAVICO HOLDING A.S., | ) JURY TRIAL DEMAND |
| NAVICO, INC., | ) |
| RAYMARINE PLC, and | ) |
| RAYMARINE, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Honeywell International Inc. for its Complaint against Defendants, hereby allege as follows:

### NATURE OF THE ACTION

1.    This is an action for the infringement of a United States patent arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

SCANNED
DEC 1 5 2009
U.S. DISTRICT COURT MPLS

30329427.2

## THE PARTIES

2.      Plaintiff Honeywell International Inc. ("Honeywell") is a corporation organized and existing under the laws of Delaware with its principal place of business in Morristown, New Jersey.

3.      Upon information and belief, Defendant Furuno Electric Co., Ltd. ("Furuno Electric") is a Japanese corporation with its principal place of business in Hyogo, Japan.

4.      Upon information and belief, Defendant Furuno U.S.A., Inc. ("Furuno U.S.A.") is a Washington corporation having its principal place of business in Camas, Washington. (Furuno Electric and Furuno U.S.A. will be referred to collectively as "Furuno").

5.      Upon information and belief, Defendant Navico Holding A.S. ("Navico Holding") is a Norwegian corporation having its principal place of business in Lysaker, Norway.

6.      Upon information and belief, Defendant Navico, Inc. ("Navico (USA)") is a Delaware corporation with its principal place of business in Tulsa, Oklahoma. (Navico Holding and Navico (USA) will be referred to collectively as "Navico").

7.      Upon information and belief, Defendant Raymarine, Inc. ("Raymarine (USA)") is a Delaware corporation with its principal place of business in Merrimack, New Hampshire.

8.      Upon information and belief, Defendant Raymarine Plc ("Raymarine (UK)") is a British corporation with its principal place of business in Portsmouth, Hampshire in England. (Raymarine (USA) and Raymarine (UK) will be referred to collectively as "Raymarine").

2

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and §1338(a).

10.     This Court has personal jurisdiction over Defendants Furuno, Navico and Raymarine (collectively referred to as the "Defendants") because the Defendants have established minimal contacts with the forum.   The Defendants have committed and continue to commit acts of direct and indirect patent infringement in this district as alleged in this Complaint.   Therefore, the exercise of personal jurisdiction over the Defendants would not offend the traditional notions of fair play and substantial justice.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## BACKGROUND TO THE ACTION

### A.      U.S. Patent No. 5,617,317

12.     Plaintiff Honeywell is the lawful owner of United States Patent No. 5,617,317 (the "'317 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on April 1, 1997.   The '317 Patent is entitled "True North Heading Estimator Utilizing GPS Output Information and Inertial Sensor System Output Information" and discloses technology related to systems for determining a vehicle's true north heading.   A copy of the '317 Patent is attached hereto as Exhibit 1.

13.     As the lawful owner of the '317 Patent, Honeywell owns all rights, title and interest in the '317 Patent.

14.     Honeywell has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, offering for sale, selling, or importing its patented invention, including the right to bring this action for injunctive relief and damages.

3

**B.**     **U.S. Patent No. 5,631,656**

15.     Plaintiff Honeywell is the lawful owner of United States Patent No. 5,631,656 (the "'656 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on May 20, 1997.  The '656 Patent is entitled "Fail Safe System With Common Mode Avoidance" and discloses technology related to a "fail safe" system used to provide signals indicative of a position, such as position information, based on multiple sets of sensors responsive to different variables.  A copy of the '656 Patent is attached hereto as Exhibit 2.

16.     As the lawful owner of the '656 Patent, Honeywell owns all rights, title and interest in the '656 Patent.

17.     Honeywell has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, offering for sale, selling, or importing its patented invention, including the right to bring this action for injunctive relief and damages.

**C.**     **U.S. Patent No. 5,785,281**

18.     Plaintiff Honeywell is the lawful owner of United States Patent No. 5,785,281 (the "'281 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on July 28, 1998.  The '281 Patent is entitled "Learning Autopilot" and discloses technology related to an autopilot system and method for controlling a vehicle.  A copy of the '281 Patent is attached hereto as Exhibit 3.

19.     As the lawful owner of the '281 Patent, Honeywell owns all rights, title and interest in the '281 Patent.

20.     Honeywell has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, offering for sale, selling, or importing its patented invention, including the right to bring this action for injunctive relief and damages.

4

**D.**     **U.S. Patent No. 6,289,277**

21.     Plaintiff Honeywell is the lawful owner of United States Patent No. 6,289,277 (the "'277 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on September 11, 2001. The '277 Patent is entitled "Interfaces For Planning Vehicle Routes" and discloses technology related to a system and method for determining a route for a vehicle in the presence of weather and other hazards. A copy of the '277 Patent is attached hereto as Exhibit 4.

22.     As the lawful owner of the '277 Patent, Honeywell owns all rights, title and interest in the '277 Patent.

23.     Honeywell has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, offering for sale, selling, or importing its patented invention, including the right to bring this action for injunctive relief and damages.

**E.**     **U.S. Patent No. 6,653,947**

24.     Plaintiff Honeywell is the lawful owner of United States Patent No. 6,653,947 (the "'947 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on November 25, 2003. The '947 Patent is entitled "Apparatus For The Display Of Weather And Terrain Information On A Single Display" and discloses technology related to a system for displaying weather information in a two-dimensional format and terrain data in three-dimensional format on a display screen. A copy of the '947 Patent is attached hereto as Exhibit 5.

25.     As the lawful owner of the '947 Patent, Honeywell owns all rights, title and interest in the '947 Patent.

5

26. Honeywell has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, offering for sale, selling, or importing its patented invention, including the right to bring this action for injunctive relief and damages.

### ACTS GIVING RISE TO THE ACTION

27. Upon information and belief, Defendant Furuno has been and is engaged in the manufacture, importation, offer for sale, and/or sale of display and navigation products for marine vehicles throughout the United States, including in this judicial district.

28. Upon information and belief, Defendant Navico has been and is engaged in the manufacture, importation, offer for sale, and/or sale of display and navigation products for marine vehicles throughout the United States, including in this judicial district.

29. Upon information and belief, Defendant Raymarine has been and is engaged in the manufacture, importation, offer for sale, and/or sale of display and navigation products for marine vehicles throughout the United States and in this judicial district.

30. At least some of the display and navigation products for marine vehicles manufactured, imported, offered for sale, and/or sold by Furuno, Navico and Raymarine infringe one or more of the following patents: '317 Patent, '656 Patent, '281 Patent, '277 Patent, and '947 Patent (collectively, the "Asserted Patents").

31. The Defendants infringe one or more of the Asserted Patents literally and/or under the doctrine of equivalents, making the Defendants liable for direct and/or indirect infringement under 35 U.S.C. § 271.

32. Defendant Navico infringes either directly or indirectly one or more of the Asserted Patents with its products, including but not limited to its products known as the Simrad HS52, the Simrad GB40, the Lowrance LCX-113c HD, and the Northstar 6100i.

6

33.     Defendant Furuno infringes either directly or indirectly one or more of the Asserted Patents with its products, including but not limited to its products known as the NAVnet 3D Multi-Functional Display, the SC-110 Satellite Compass, and its MaxSea Professional software.

34.     Defendant Raymarine infringes either directly or indirectly one or more of the Asserted Patents with its products, including but not limited to its products known as the E-series Multi-Functional Displays, the G-series Multi-Functional Displays, and its RayTech software.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 5,617,317 BY**

**DEFENDANT FURUNO**

35.     Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 34 and incorporates them by reference.

36.     Upon information and belief, Defendant Furuno has made, used, sold, offered for sale, imported, and/or distributed in the United States products that infringe at least one claim of the '317 Patent.

37.     Defendant Furuno's actions constitute direct and/or indirect infringement if the '317 patent under 35 U.S.C. § 271.

38.     Upon information and belief, the unlawful infringing activities by Defendant Furuno are continuing and will continue unless enjoined by this Court.

39.     As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Furuno is enjoined from infringing said patent.

40.

7

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 5,631,656 BY

### DEFENDANT FURUNO

41.     Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 39 and incorporates them by reference.

42.     Upon information and belief, Defendant Furuno has made, used, sold, offered for sale, imported, and/or distributed in the United States products that infringe at least one claim of the '656 Patent.

43.     Defendant Furuno's actions constitute direct and/or indirect infringement of the '656 patent under 35 U.S.C. § 271.

44.     Upon information and belief, the unlawful infringing activities by Defendant Furuno are continuing and will continue unless enjoined by this Court.

45.     As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Furuno is enjoined from infringing said patent.

### INFRINGEMENT OF U.S. PATENT NO. 5,631,656 BY

### DEFENDANT NAVICO

46.     Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 44 and incorporates them by reference.

47.     Upon information and belief, Defendant Navico has made, used, sold, offered for sale, imported, and/or distributed in the United States products that infringe at least one claim of the '656 Patent.

48.     Defendant Navico's actions constitute direct and/or indirect infringement of the '656 patent under 35 U.S.C. § 271.

8

49.     Upon information and belief, the unlawful infringing activities by Defendant Navico are continuing and will continue unless enjoined by this Court.

50.     As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Navico is enjoined from infringing said patent.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 5,785,281 BY

## DEFENDANT FURUNO

51.     Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 49 and incorporates them by reference.

52.     Upon information and belief, Defendant Furuno has made, used, sold, offered for sale, imported, and/or distributed in the United States products that infringe at least one claim of the '281 Patent.

53.     Defendant Furuno's actions constitute direct and/or indirect infringement of the '281 patent under 35 U.S.C. § 271.

54.     Upon information and belief, the unlawful infringing activities by Defendant Furuno are continuing and will continue unless enjoined by this Court.

55.     As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Furuno is enjoined from infringing said patent.

## INFRINGEMENT OF U.S. PATENT NO. 5,785,281 BY

## DEFENDANT NAVICO

56.     Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 54 and incorporates them by reference.

9

30329427.2

57.     Upon information and belief, Defendant Navico has made, used, sold, offered for sale, imported, and/or distributed in the United States products that infringe at least one claim of the '281 Patent.

58.     Defendant Navico's actions constitute direct and/or indirect infringement of the '281 patent under 35 U.S.C. § 271.

59.     Upon information and belief, the unlawful infringing activities by Defendant Navico are continuing and will continue unless enjoined by this Court.

60.     As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Navico is enjoined from infringing said patent.

**INFRINGEMENT OF U.S. PATENT NO. 5,785,281 BY**

**DEFENDANT RAYMARINE**

61.     Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 59 and incorporates them by reference.

62.     Upon information and belief, Defendant Raymarine has made, used, sold, offered for sale, imported, and/or distributed in the United States products that infringe at least one claim of the '281 Patent.

63.     Defendant Raymarine's actions constitute direct and/or indirect infringement of the '281 patent under 35 U.S.C. § 271.

64.     Upon information and belief, the unlawful infringing activities by Defendant Raymarine are continuing and will continue unless enjoined by this Court.

65.     As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Raymarine is enjoined from infringing said patent.

10

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 6,289,277 BY

## DEFENDANT FURUNO

66.     Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 64 and incorporates them by reference.

67.     Upon information and belief, Defendant Furuno has made, used, sold, offered for sale, imported, and/or distributed in the United States products that infringe at least one claim of the '277 Patent.

68.     Defendant Furuno's actions constitute direct and/or indirect infringement of the '277 patent under 35 U.S.C. § 271.

69.     Upon information and belief, the unlawful infringing activities by Defendant Furuno are continuing and will continue unless enjoined by this Court.

70.     As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Furuno is enjoined from infringing said patent.

## INFRINGEMENT OF U.S. PATENT NO. 6,289,277 BY

## DEFENDANT NAVICO

71.     Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 69 and incorporates them by reference.

72.     Upon information and belief, Defendant Navico has made, used, sold, offered for sale, imported, and/or distributed in the United States products that infringe at least one claim of the '277 Patent.

73.     Defendant Navico's actions constitute direct and/or indirect infringement of the '277 patent under 35 U.S.C. § 271.

11

74.    Upon information and belief, the unlawful infringing activities by Defendant Navico are continuing and will continue unless enjoined by this Court.

75.    As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Navico is enjoined from infringing said patent.

### INFRINGEMENT OF U.S. PATENT NO. 6,289,277 BY

### DEFENDANT RAYMARINE

76.    Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 74 and incorporates them by reference.

77.    Upon information and belief, Defendant Qimonda has made, used, sold, offered for sale, imported, and/or distributed in the United States products that infringe at least one claim of the '277 Patent.

78.    Defendant Raymarine's actions constitute direct and/or indirect infringement of the '277 patent under 35 U.S.C. § 271.

79.    Upon information and belief, the unlawful infringing activities by Defendant Raymarine are continuing and will continue unless enjoined by this Court.

80.    As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Raymarine is enjoined from infringing said patent.

### COUNT V

### INFRINGEMENT OF U.S. PATENT NO. 6,653,947 BY

### DEFENDANT FURUNO

81.    Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 79 and incorporates them by reference.

12

82.     Upon information and belief, Defendant Furuno has made, used, sold, offered for sale, imported, and/or distributed in the United States products that infringe at least one claim of the '947 Patent.

83.     Defendant Furuno's actions constitute direct and/or indirect infringement of the '947 patent under 35 U.S.C. § 271.

84.     Upon information and belief, the unlawful infringing activities by Defendant Furuno are continuing and will continue unless enjoined by this Court.

85.     As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Furuno is enjoined from infringing said patent.

## INFRINGEMENT OF U.S. PATENT NO. 6,653,947 BY

## DEFENDANT NAVICO

86.     Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 84 and incorporates them by reference.

87.     Upon information and belief, Defendant Navico has made, used, sold, offered for sale, imported, and/or distributed in the United States products that infringe at least one claim of the '947 Patent.

88.     Defendant Navico's actions constitute direct and/or indirect infringement of the '947 patent under 35 U.S.C. § 271.

89.     Upon information and belief, the unlawful infringing activities by Defendant Navico are continuing and will continue unless enjoined by this Court.

90.     As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Navico is enjoined from infringing said patent.

13

<u>**INFRINGEMENT OF U.S. PATENT NO. 6,653,947 BY**</u>

<u>**DEFENDANT RAYMARINE**</u>

91.     Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 89 and incorporates them by reference.

92.     Upon information and belief, Defendant Raymarine has made, used, sold, offered for sale, imported, and/or distributed in the United States products that infringe at least one claim of the '947 Patent.

93.     Defendant Raymarine's actions constitute direct and/or indirect infringement of the '947 patent under 35 U.S.C. § 271.

94.     Upon information and belief, the unlawful infringing activities by Defendant Raymarine are continuing and will continue unless enjoined by this Court.

95.     As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Raymarine is enjoined from infringing said patent.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff Honeywell prays for entry of a judgment against Defendants as follows:

a.      That Defendants have infringed the Asserted Patents;

b.      That Defendants, and their respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, be permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the Asserted Patents;

c.      That Defendants account for and pay to Honeywell damages adequate to compensate it for Defendants' infringement, in an amount to be proven at trial, together

14

with interest and costs as fixed by the Court; and

      d.     That Honeywell be awarded such other and further relief as the Court may

deem just and equitable.

## JURY DEMAND

Honeywell hereby demands a trial by jury on all issues triable by a jury.

Dated:  December 16, 2009        Respectfully submitted,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

/s/

Matthew L. Woods, Esq. (# 205278)
Peter N. Surdo, Esq. (#.339015)
Mary E. Kiedrowski, Esq. (# 346378)
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN  55402
Telephone:  612-349-8500
Facsimile:  612-339-4181
Email:  mlwoods@rkmc.com
Email:  mekiedrowski@rkmc.com
Email:  pnsurdo@rkmc.com

J. Scott Culpepper, Esq.
*Pro Hac Vice Application Pending*
Jacqueline R. Knapp, Esq.
*Pro Hac Vice Application Pending*
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA 30326-1119
Telephone: 404-760-4300
Facsimile: 404-233-1267
Email: jsculpepper@rkmc.com
Email: jrknapp@rkmc.com

***Attorneys for Honeywell International Inc.***

16