# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FURUNO ELECTRIC CO., LTD., ) | Case No. 09-cv-3601 (MJD/AJB) |
| FURUNO U.S.A., INC., ) | |
| NAVICO, INC., and ) | |
| RAYMARINE, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## **PROTECTIVE ORDER**

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

1. As used in the Protective Order, these terms have the following meanings:

   - "Attorneys" means counsel of record;

   - "Confidential" documents are documents designated pursuant to paragraph 2;

   - "Highly Confidential - Attorneys' Eyes Only" ("AEO") are documents designated pursuant to paragraph 3;

   - "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

   - "Outside Vendors" means messenger, copy, coding, and other clerical services, including document processing and conversion, archiving and database

- 1 -

81540659.1

services, electronic document processing firms and personnel, translators or interpreters, and related vendors not employed by a party or its Attorneys; and

- "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party may designate a document, including interrogatory responses, other discovery requests, or transcripts, "Confidential", to protect information within the scope of Fed. R. Civ. P. 26(c). Confidential information relates, among other things, to confidential technical, business, or financial information including abstracts, summaries, or information derived therefrom.

3. A Party may designate a document, including interrogatory responses, other discovery responses, or transcripts, "Highly Confidential - Attorneys' Eyes Only" to protect information within the scope of Fed R. Civ. P. 26(c). Highly Confidential - Attorneys' Eyes Only information relates, among other things, to trade secrets, pending patent applications, research and development or other highly sensitive technical information, or highly-sensitive business-related financial information including abstracts, summaries, or information derived therefrom.

4. If confidential computer source code is produced by a Party, that Party may designate the source code as "Highly Confidential - Attorneys' Eyes Only – Computer Source Code."

    (a) All such information designated as "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" and any corresponding complete or partial

    copies, summaries, digests, analyses, reports, etc., shall be used solely in connection with this action and shall not be disclosed, except as expressly permitted herein.

(b)     Information designated "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" shall be produced in its native electronic form. Information designated "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" produced in electronic form shall not be intermixed on a media used for production (e.g., a CD or DVD) with information not subject to the same designation.

(c)     Information designated "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" may not be copied or stored except as expressly permitted herein.

(d)     A producing party shall produce two copies of its "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" information on electronic media.

(e)     No copies, in whole or in part, of "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" may be made except as allowed herein or as authorized, in writing, by the producing party.

(f)     An authorized receiver of such information may store information designated "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" on a single "standalone" computer that is accessible only by persons authorized under the Protective Order. The standalone computer

shall not be connected to a network (wired or wireless), and shall be stored in a secure facility accessible only by authorized persons as defined herein.

(g) The standalone computer shall be transported only in the immediate possession of a person authorized under the Protective Order. In transit, the standalone computer may be kept at the domicile or hotel room of the person transporting the standalone computer. Information designated "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" may not be transported to any facility of the Plaintiff or Defendants, as the case may be.

(h) At the time a person authorized under the Protective Order uses a computer to view, analyze or otherwise use a supplier's information designated "Highly Confidential - Attorneys' Eyes Only – Computer Source Code," that computer must remain within the direct control of that person.

(i) The receiving party may print "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" to paper hardcopy as necessary or appropriate for analysis, evaluation, drafting submissions, use at depositions, hearings, or trial. All such hardcopies shall be prominently marked "Highly Confidential - Attorneys' Eyes Only – Computer Source Code." The receiving party shall generate no more copies than necessary, keep inventory of all hardcopies that it has generated, and shall immediately destroy any hardcopies that are no longer necessary.

j) The receiving party may include "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" in briefs or other submissions, provided that such inclusion must not exceed 100 printed pages per submission. If the receiving party requires more than 100 pages, the Parties shall meet-and-confer and the producing party shall not unreasonably withhold authorization to exceed the 100-page limit on reasonable requests.

(k) Information designated "Highly Confidential – Attorneys' Eyes Only – Computer Source Code," including excerpts, summaries, digests, analyses and reports thereof (to the extent that those analyses and reports include any excerpts, summaries, or digests) of the information, may not be transported or transmitted electronically over a network of any kind, including over a local area network (LAN), an intranet or the Internet, except short, partial copies, digests, analyses, brief summaries, or reports, can be transmitted using 256 bit AES encryption. This restriction shall also apply to the transport of excerpted information designated "Highly Confidential – Attorneys' Eyes Only – Computer Source Code" except that short, partial excerpts inserted into documents prepared by a party's counsel or at his or her direction (such as briefs and expert reports) may be stored on a server maintained by counsel and made available over a LAN as long as the documents in which such excerpts have been inserted are password protected.

5. All Confidential, Highly Confidential - Attorneys' Eyes Only and Highly Confidential - Attorneys' Eyes Only – Computer Source Code documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in this Protective Order. Any other use is prohibited except by consent of the producing party or by order of the Court. Prohibited purposes include, but are not limited to, use for competition purposes or the prosecution of additional intellectual property rights.

6. Access to any Confidential document shall be limited to:

   (a) the Court and its staff;

   (b) Outside attorneys, their law firms, and their Outside Vendors;

   (c) persons shown on the face of the document to have authored or received it, and/or the producing party or its designated representatives (*e.g.*, a 30(b)(6) witness);

   (d) court reporters retained to transcribe testimony and independent language interpreters used at deposition or hearings;

   (e) two designated representatives of the parties who have signed the undertaking described in Paragraph 9 below.;

   (f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors

or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action who have signed the undertaking described in Paragraph 9 below.

7. Access to any Highly Confidential - Attorney's Eyes Only or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" document shall be limited to:

(a) the Court and its staff;

(b) Outside attorneys, their law firms, and their Outside Vendors;

(c) persons shown on the face of the document to have authored or received it, and/or the producing party or its designated representatives (*e.g.*, a 30(b)(6) witness);

(d) court reporters retained to transcribe testimony and independent language interpreters used at deposition or hearings;

(e) one of the two designated individuals from Paragraph 6(e) may also be designated to view items labeled as "Highly Confidential - Attorneys' Eyes Only." The designated representative for purposes of Paragraph 7(e) must be a person who has signed the undertaking described in Paragraph 9 below, and who has no function involving development of new technology or patent prosecution. No representative of the parties shall view, review, or access any Highly Confidential - Attorneys' Eyes Only – Computer Source Code information, in whole or in part.

(f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who

        are retained by a party or its Attorneys to provide assistance or to furnish technical or expert services, and/or to give testimony in this action who have signed the undertaking described in Paragraph 9 below.

8. Third parties producing documents in the course of this action may also designate documents as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" subject to the same protections and constraints as the parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Highly Confidential - Attorneys' Eyes Only" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" pursuant to the terms of the  Protective Order.

9. Each person appropriately designated pursuant to paragraphs 6(e), 6(f), 7(e) or 7(f) to receive Confidential, Highly Confidential – Attorneys' Eyes Only or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" information shall be provided with a copy of this Protective Order and execute a "Written Assurance" in the form attached as Exhibit A.  Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed.  Such notice shall provide a

reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

10. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" and thereby obtain the protections accorded other "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Highly Confidential – Attorneys' Eyes Only" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential, Highly Confidential – Attorneys' Eyes Only or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" information shall be taken only in the presence of persons who are qualified to have access to such information pursuant to Paragraphs 6 and/or 7.

11. Any party who inadvertently fails to identify documents as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential -

      Attorneys' Eyes Only – Computer Source Code" shall, within 14 days from the discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents. The failure to designate information or documents as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" and the failure to object to such a designation shall not preclude or in any way prejudice a party at a later time from subsequently designating or objecting to the designation of such information or documents as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code." The parties understand and agree that failure of a party to designate information or documents as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" relieves the receiving party of obligations of confidentiality until such designation is made, except as otherwise provided herein.

12.     The parties hereto acknowledge that, while each party will endeavor to identify and withhold from production any document which that party believes is privileged, given the volume and nature of material being exchanged, there is a possibility that certain privileged material may be produced inadvertently.

      Accordingly, the parties have agreed to the following nonwaiver agreement. A party who produces any privileged document without intending to waive the claim of privilege associated with such document may, within ten days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document and any copies thereof. By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege and request an order of the court denying such privilege.

13. If a party files a document containing Confidential, Highly Confidential - Attorneys' Eyes Only or Highly Confidential - Attorneys' Eyes Only – Computer Source Code information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" the parties may seek further protections against public disclosure from the Court.

14. Any receiving party may request a change in the designation of any information designated "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code." Any

such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" in the action may be affected. The party asserting that the material is Confidential, Highly Confidential - Attorneys' Eyes Only or Highly Confidential - Attorneys' Eyes Only – Computer Source Code shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

15. Within 60 days of the termination of this action, including any appeals, each party shall either return to the opposing party or destroy all documents designated by the opposing party as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Attorneys' Eyes Only – Computer Source Code" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. Attorneys may retain those materials that are part of the record, that have been filed with the court, or that are attorney drafts or working copies of materials that have been filed with the court. Attorneys may also retain any correspondence generated in connection with the action.

16. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking

such further provisions enhancing or limiting confidentiality as may be appropriate.

17. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

18. The obligations imposed by the Protective Order shall survive the termination of this action.

Dated:  June 23, 2010

BY THE COURT:

__*s/ Arthur J. Boylan*_____
The Honorable Magistrate Arthur J. Boylan
United States District Court
District of Minnesota

EXHIBIT A

WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. C.A. No. 9-cv-03601 (MJD/AJB), pending in the United States District Court for the District of Minnesota.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, or destroy, any documents

in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.  If I elect to destroy such documents, I shall inform the attorney from whom I have received them, in writing and with my signature, that I have done so.

    I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____    _____
        (Date)                                                (Signature)

81540659.1