_____

HONEYWELL INTERNATIONAL, INC.,

       Plaintiff,

v.                                   **MEMORANDUM OF LAW & ORDER**
                                       Civil File No. 09-3601 (MJD/AJB)

FURUNO ELECTRIC CO. LTD.,
FURUNO U.S.A., INC., NAVICO INC.,
and RAYMARINE, INC.,

       Defendants.

_____

J. Scott Culpepper, Lauren E. Wood, Martin R. Lueck, Mary E. Kiedrowski, Matthew L. Woods, and Peter N. Surdo, Robins, Kaplan, Miller & Ciresi LLP, Counsel for Plaintiff Honeywell International, Inc.

Marc A. Al, Steven R. Kluz, and Troy J. Hutchinson, Stoel Rives LLP; and Allen E. Pittoors, David P. Utykanski, Gregory A. Stobbs, and Robert J. Lenihan, II, Harness Dickey & Pierce, PLC; Counsel for Defendants Furuno Electric Co. Ltd. and Furuno U.S.A., Inc.

Alicia J. Edwards and Lewis N. Carter, Doerner, Saunders, Daniel & Anderson, LLP; and David T. Schultz, Maslon Edelman Borman & Brand, LLP; Counsel for Defendant Navico Inc.

Farooq A. Tayab, Michael J. Collins, and Robert W. Gifford, Bickel & Brewer; Paul Grandinetti and Rebecca Jean Stempien, Levy & Grandinetti; and John A. Cotter and Thomas J. Oppold, Larkin Hoffman Daly & Lindgren Ltd.; Counsel

for Defendant Raymarine, Inc.

_____

## I. INTRODUCTION

This matter is before the Court on Defendant Furuno U.S.A., Inc.'s Motion to Stay the Litigation Pending Reexamination of the Asserted Patents. [Docket No. 86] Defendants Raymarine, Inc. and Navico, Inc., join in the motion. [Docket Nos. 102, 106] The Court heard oral argument on July 30, 2010. For the reasons that follow, Furuno U.S.A.'s motion is **GRANTED**.

## II. BACKGROUND

### A. Procedural Background

On December 16, 2009, Plaintiff Honeywell International, Inc. ("Honeywell") filed a Complaint in this Court against Defendants Furuno Electric Co. Ltd., Furuno U.S.A., Inc., Navico Holdings A.S., Navico, Inc., Raymarine PLC, and Raymarine, Inc. Honeywell accused the defendants of infringing five patents owned by Honeywell related to navigation: U.S. Pat. Nos. 5,617,317; 5,631,656; 5,785,281; 6,289,277; and 6,653,947 (the "'947 Patent") (collectively, the "Asserted Patents"). Honeywell claims that the display and navigation products for marine vehicles manufactured, imported, or sold by

Defendants infringe the Asserted Patents.

By stipulation of the parties, Navico Holdings A.S. and Raymarine PLC have now been dismissed.

The following motions were set to be heard by the Court on October 29, 2010: Defendant Furuno Electric Co., Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 35]; Defendant Raymarine, Inc.'s Motion to Dismiss, Sever, and Transfer [Docket No. 40]; and Defendant Furuno U.S.A., Inc.'s Motion to Sever and for Change of Venue Pursuant to 28 U.S.C. § 1404(a) [Docket No. 47].

During the April 9, 2010 pretrial scheduling conference before Magistrate Judge Boylan, Furuno U.S.A., Inc. ("Furuno U.S.A.") informed the parties and the Court it would be filing requests for reexamination of each of the Asserted Patents. On June 14 and 15, 2010, Furuno U.S.A. filed five Ex Parte Requests for Reexamination asking the U.S. Patent and Trademark Office ("USPTO") to reexamine and cancel all relevant claims of the five Asserted Patents. ([Docket No. 89] Pittoors Decl., Ex. A.)

On July 2, 2010, the USPTO granted the Ex Parte Reexamination of the '947 Patent. (Pittoors Decl. ¶ 5; Pittoors Decl., Ex. C.) It noted that Furuno U.S.A.'s

marine navigation software, MaxSea, which Honeywell has accused of infringement, "is directed to a different field of endeavor, namely a sea based charting system rather than the flight display system as claimed." (Pittoors Decl., Ex. C at 11.)

### III. DISCUSSION

#### A. Reexamination Procedure

Upon receiving a request for reexamination, the USPTO considers "whether a substantial new question of patentability affecting any claims of the patent concerned is raised by the request, with or without consideration of other patents or printed publications." 35 U.S.C. § 303(a). The USPTO must grant or deny all ex parte reexamination requests within three months of their filing. Id.

From 1981 to September 30, 2009, the USPTO granted 92% of the total requests for ex parte reexamination. (See Pittoors Decl. ¶ 4; Pittoors Decl., Ex. B.) After reexamination, 25% had all claims confirmed; 11% had all claims cancelled, and 64% had some changes to claims. (Pittoors Decl., Ex. B.)

#### B. Standard for Request for Stay Pending Reexamination

The Federal Circuit has "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent." Procter &

Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 849 (Fed. Cir. 2008) (citations omitted).  The decision of whether to grant a stay pending reexamination of a patent is within the district court's discretion.  <u>Viskase Corp. v. Am. Nat'l Can Co.</u>, 261 F.3d 1316, 1328 (Fed. Cir. 2001).

When considering a motion to stay pending reexamination, the Court considers the following factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

<u>3M Innovative Properties Co. v. Dupont Dow Elastomers LLC</u>, No. 03-3364 MJD/AJB, 2005 WL 2216317, at *1 (D. Minn. Sept. 8, 2005) (Davis, C.J.) (quoting <u>Xerox Corp. v. 3Com Corp.</u>, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

### C. Whether a Stay Would Unduly Prejudice the Non-Moving Party

There is no evidence that Honeywell will suffer prejudice or suffer a clear tactical disadvantage from a stay.  The Court rejects Honeywell's accusations of dilatory tactics by Furuno U.S.A.  Honeywell recounts that Furuno U.S.A. has attempted to slow this litigation from the beginning: first, obtaining a three-month extension of time to answer from Honeywell; then, filing motions to

5

dismiss and transfer; and then attempting to delay discovery.  Honeywell further argues that Furuno U.S.A. has delayed in responding to discovery.  However, the Court notes that the parties agreed to the extension of time to answer; there is no evidence that the motions to dismiss, transfer, and/or sever filed by various Defendants are frivolous or taken in bad faith; and, with regard to discovery, there have been no motions to compel filed or sanction orders entered.  At this point, there is no evidence that Defendants' behavior falls outside the realm of normal litigation tactics.

Furuno U.S.A. did not unreasonably delay in filing this motion.  It sought reexamination on June 14 and 15, soon after it first had notice, through the filing of this lawsuit, that Honeywell accused it of infringement.  Furuno U.S.A. then promptly filed this motion to stay.  It filed the motion before any significant discovery or any claims being construed.

There is no evidence that Defendants compete with Honeywell, such that continued sales by Defendants will cause irreparable damage to Honeywell.  Although this stay will delay the case, this delay could benefit Honeywell, as well as the Court and Defendants, by simplifying issues, saving time, and saving money if certain claims are cancelled or modified by the USPTO.  The USPTO has

procedures in place to minimize delay. See 35 U.S.C. § 305 ("All reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences, will be conducted with special dispatch within this Office."); see also 37 C.F.R. § 1.550(a) (same).

### D. Whether a Stay Will Simplify the Issues in Question and Trial of the Case

It is likely that the USPTO's expert review of the scope of the claims of the Asserted Patents in light of relevant prior art will simplify the issues in the case. USPTO examiners are experts that conduct such review on a daily basis. A stay pending reexamination offers numerous potential benefits in this case:

    1. [Some] prior art presented to the Court will have been first considered by the PTO, with its particular expertise.

    2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

    3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

    4. The outcome of the reexamination may encourage a settlement without the further use of the Court.

    5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

    6. Issues, defenses, and evidence will be more easily limited in

pretrial conferences after a reexamination.

7. The cost will likely be reduced both for the parties and the Court.

3M Innovative Properties Co., 2005 WL 2216317, at *2 (citation omitted).

Without a stay, discovery may be far broader in scope than necessary, and the Court might spend time issuing Markman interpretations of and examining the validity of claims that may be modified or eliminated through the reexamination process. See Guthy-Renker Fitness L.L.C. v. Icon Health and Fitness Inc., 48 U.S.P.Q.2d 1058, 1060 (C.D. Cal. 1998). Even if the USPTO confirms the validity of the claims in the Asserted Patents, reexamination "provide[es] the district court with the expert view of the PTO [as to a specific issue] [] when a claim survives the reexamination proceedings." Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983).

### E. Whether Discovery Is Complete and Whether a Trial Date Has Been Set

This case is in the earliest stages of litigation. Furuno Electric Co., Ltd. has not answered the Complaint, and Furuno U.S.A. and Raymarine, Inc., have pending motions to sever and transfer. The parties have only completed minimal discovery. Trial is scheduled for July 2012.

### F. Whether This Motion Is Premature

Honeywell claims that the motion to stay is premature because the USPTO has not yet decided the requests for reexamination on four out of the five patents.

The Court concludes that the motion to stay is not premature. First, the USPTO has granted reexamination of the '947 Patent, a patent that applies to the claims against Furuno U.S.A., Navico, Inc., and Raymarine, Inc., and applies to the vast majority Furuno U.S.A.'s accused products. Second, as to the remaining four requests, the USPTO is required to grant or deny Furuno U.S.A.'s requests within three months from the date of filing. Therefore, it has until September 15, 2010 to rule on the requests, and it is highly likely that the requests will be granted, since 92% of such ex parte requests are granted. See, e.g., Pactool Int'l Ltd. v. Dewalt Indus. Tool Co., No. C06-5367BHS, 2008 WL 312677, at *2 (W.D. Wash. Feb. 1, 2008) (granting stay before USPTO decision on whether to reexamine issued); Magna Donnelly Corp. v. Pilkington North America, Inc., No. 4:06-CV-126, 2007 WL 772891, at *5 (W.D. Mich. Mar. 12, 2007) (same).

Granting a stay now will save months of potentially wasted discovery and judicial resources. If the remaining Furuno U.S.A. requests are denied, Honeywell can file a motion to lift the stay, and, if appropriate, the litigation can

resume immediately with minimal effect on the litigation schedule.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Furuno U.S.A., Inc.'s Motion to Stay the Litigation Pending Reexamination of the Asserted Patents [Docket No. 86] is **GRANTED**.

2. This action is **STAYED** until the conclusion of the reexamination by the United States Patent and Trademark Office ("USPTO") of all Asserted Patents with respect to which the USPTO grants Furuno U.S.A.'s Petitions for Reexamination.

3. The parties shall advise the Court upon issuance of any material decision by the USPTO.

Dated: July 30, 2010                      s/ Michael J. Davis
                                                                 Michael J. Davis
                                                                 Chief Judge
                                                                 United States District Court