UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Honeywell International Inc.,    File No. 09-cv-3601 (MJD/TNL)

    Plaintiff/Counter Defendant,

v.    **ORDER OPINION**

Furuno Electric Co., Ltd.,
Furuno U.S.A., Inc.,
Navico Holding A.S.,
Navico, Inc.,
Raymarine PLC,
Raymarine, Inc., and
FLIR Systems, Inc.,

    Defendants/Counter Claimants.

Tara S.G. Sharp and J. Scott Culpepper, Robins Kaplan Miller & Ciresi LLP, 950 East Paces Ferry Road Northeast, Suite 2600, Atlanta, GA 30326; and Daniel R. Burgess, David A. Prange, Martin R. Lueck, Matthew L. Woods, and Peter N. Surdo, Robins Kaplan Miller & Ciresi LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402 (for Plaintiffs/Counter Defendants); and

Aaron Foldenauer, Bickel & Brewer, 767 Fifth Avenue, 50th Floor, New York, NY 10153; Gregory A. Bromen, Peter D. Gray, and Stanley E. Siegel, Jr., Nilan Johnson Lewis PA, 120 South Sixth Street, Suite 400, Minneapolis, MN 55402; and Kenneth N. Hickox, Jr., Farooq A. Tayab, and Michael J. Collins, Bickel & Brewer, 1717 Main Street, Suite 4800, Dallas, TX 75201 (for Defendants/Counter Claimants Raymarine, Inc. and FLIR Systems, Inc.).

This matter comes before the Court, United States Magistrate Judge Tony N. Leung on Defendants Raymarine, Inc. and FLIR Systems, Inc.'s (collectively, "Raymarine") Motion to Compel Plaintiff Honeywell International Inc. to Respond in Full to Document Requests, Interrogatories, and Requests for Admissions (Docket

1

No. 184). A hearing was held on April 3, 2013. (Court Minutes, Docket No. 194.) J. Scott Culpepper appeared on behalf of Honeywell and Kenneth N. Hickox appeared on behalf of Raymarine. (*Id.*)

## I.

The Court begins at a somewhat unusual juncture—what occurred after the hearing. The instant motion involves approximately 30 discovery requests. Following the hearing, the Court ordered the parties to work together on several of the requests, including privilege-log production and supplementation of prior responses. (*Id.*) The parties were also ordered to engage in another meet-and-confer and provide status letters to the Court concerning their efforts. (*Id.*)

In joint status letters dated April 17, 2013 (Docket No. 195), and April 22, 2013 (Docket No. 196), the parties informed the Court of their progress on the identified issues. A testament to the cooperation of counsel, the parties have resolved the majority of these requests.

Based on the parties' correspondence, the Court grants Raymarine's motion with respect to Interrogatory Nos. 7 through 9 and Document Request Nos. 20 and 21 as set forth in the parties' April 22 letter and Interrogatory Nos. 1 through 3, Request for Admission Nos. 1 through 6, and Document Request Nos. 3 through 7, 10, 15, 16, and 27 as set forth in the parties' April 17 letter. Raymarine's motion is otherwise denied with respect to these requests.

## II.

The Court now turns to the remaining requests in this patent-infringement action concerning navigation products. (*See* First Am. & Supp. Compl., ¶¶ 31-38; Mem. in Supp. at 3, Docket No. 186.)

The Federal Rules of Civil Procedure allow a party "to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevance is construed broadly at the discovery stage." *Heilman v. Waldron*, No. 11-cv-1930 (JRT/SER), 287 F.RD. 467, 473 (D. Minn. 2012); *see also Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 522 (D. Minn. 1992) (noting "[r]elevancy, in the discovery context, is extremely broad").

> The wide scope of discovery under [Rule 26] allows parties to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Information sought in discovery need not be admissible at trial, so long as it appears reasonably calculated to lead to the discovery of admissible evidence.

*Heilman*, 287 F.R.D. at 473 (quoting Fed. R. Civ. P. 26(b)(1)).

Nonetheless, some threshold showing is necessary "before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992); *see Bredemus v. Int'l Paper Co.*, No. 06-cv-1274 (PJS/RLE), 252 F.R.D. 529, 532 (D. Minn. 2008) (stating "relevancy under Rule 26 is not without bounds"). This Court "has considerable

discretion in granting or denying discovery requests." *Bredemus*, 252 F.R.D. at 534.

### A. Interrogatory Nos. 4, 5, 11, and 16

While Honeywell has voiced general objections to Interrogatory Nos. 4, 5, 11, and 16, the parties' dispute really concerns the production of their respective privilege logs. Honeywell stated that each of these interrogatories calls for information protected by attorney-client privilege and the work-product doctrine. (Mem. in Supp. at 9-10; Mem. in Opp'n at 4, Docket No. 191.) Honeywell asserts that it "has informed Raymarine that it will provide a privilege log identifying privileged communications as part of the parties' mutual exchange of privilege logs." (Mem. in Opp'n at 5.) Honeywell points to a similar dispute it has with Raymarine concerning Honeywell's Interrogatory No. 2—a dispute which is *not* currently before the Court—and argues that Raymarine is improperly withholding its response to that interrogatory until the privilege logs are exchanged. (*Id.* at 6-7.) Honeywell contends that it "will provide Raymarine with a responsive privilege log regarding information responsive to Interrogatory Nos. 4, 5, 11, and 16 *when the parties mutually exchange privilege logs. Honeywell should not be required to unilaterally provides Raymarine with an early privilege log while Raymarine holds onto its own log until some later date.*" (Id. (emphasis added).)

First, the Court reminds each of the parties that, under Rule 33, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories" unless a different time period has been stipulated to by the parties or

4

ordered by the Court. Fed. R. Civ. P. 33(b)(2). Absent any agreement, each party's response to the interrogatories propounded by the other was due within 30 days.

Second, "[t]he party asserting the attorney-client privilege or the work product doctrine bears the burden to provide a factual basis for its assertions." *Triple Five of Minnesota, Inc. v. Simon*, 212 F.R.D. 523, 527 (D. Minn. 2002). A party can meet this burden by "produc[ing] a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying affidavit from counsel." *Id.* (quotation omitted); *see also Isensee v. HO Sports Co., Inc.*, No. 06-cv-210 (ADM/AJB), 2007 WL 1118274, at *2 (D. Minn. Apr. 13, 2007) (same). While "[t]here is no 'privilege log' rule," "the privilege log is a convention of modern legal practice designed to conform with the requirements of [Rule] 26(b)(5)." *Bartholomew v. Avalon Capital Grp., Inc.*, No. 09-cv-1279 (MJD/AJB), 278 F.R.D. 441, 447 (D. Minn. 2011); *see Brown v. West Corp.*, 287 F.R.D. 494, 499 (D. Neb. 2012) ("The mandate of Rule 26(b)(5) clearly requires a privilege log 'whenever a party withholds information otherwise discoverable by claiming that the information is privileged." (quoting Fed. R. Civ. P. 26(b)(5)(A)). Rule 26 provides a framework for asserting these types of privileges:

> [W]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a matter that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

5

Fed. R. Civ. P. 26(b)(5)(A). "[T]he intendment to [Rule 26(b)(5)(A)] is clear: the opposing party should be able, from the entry in the log itself, to assess whether the claim of privilege is valid." *Chevron Corp. v. Weinberg Grp.*, 286 F.R.D. 95, 98 (D. D.C. 2012) (stating the opposing party and the judge "should be able to tell that the information not being disclosed is properly claimed as privileged" from the privilege-log entry itself).

When read together, Rules 33 and 26 plainly instruct that, absent agreement or Court order, a party must respond to the propounded interrogatories within 30 days and, if information responsive to an interrogatory is withheld on the basis of privilege, the party, as part of its response, must identify the withheld information with sufficient detail as to allow the opposing party to evaluate the asserted privilege—within the same 30-day response period.

After the hearing, the parties began rolling production of their respective privilege logs. (Ltr. at 1, April 17, 2013.) In other words, Honeywell has just begun the process of articulating the reasoning behind its asserted privileges—albeit in an untimely manner. Given that Honeywell has explicitly stated that it will provide information responsive to Interrogatory Nos. 4, 5, 11, and 16 and has in fact begun to provide such information through the rolling process the parties agreed to, the Court denies Raymarine's motion with respect to these interrogatories *without prejudice*. The parties have only begun to engage one another on this issue. Any substantive ruling by the Court at this time would

be both premature and speculative based on the absence of any specific information in the record to support the claimed privileges.

### B. Interrogatory Nos. 10 and 19

Raymarine's Interrogatory Nos. 10 and 19 both concern the damages claimed and relief sought by Honeywell. At the hearing, the parties reported that they had resolved their differences concerning Interrogatory No. 10, leaving only Interrogatory No. 19 at issue.

Interrogatory No. 19 asks Honeywell to

> [i]dentify and describe each type of damage you claim in connection with this action, and for each type of damage claimed, whether you seek damages based on a reasonable royalty theory or lost profits theory, the nature of the damages, the amount of money you seek, the facts, formulas, and/or calculations that support the amount of money sought and persons with knowledge of the facts regarding the alleged damages you claim.

(Decl. of Aaron Foldnauer, Ex. A at 14, Docket No. 187-1.) In addition to its general objections, Honeywell objected on the grounds that Interrogatory No. 19 "is a premature contention interrogatory" and "Honeywell will provide a response at the appropriate time under the Court's Scheduling Order, including providing expert reports." (*Id.*, Ex. C at 21, Docket No. 187-3.)

Raymarine argues that Honeywell's refusal to provide information concerning its damages at this time is improper, considering "the parties are approximately six months into this current phase of discovery, and this lawsuit was initially filed in December

2009."[1]  (Mem. in Supp. at 22.)  Raymarine contends that "Honeywell is obligated to answer this interrogatory with the information it now has in response to the interrogatory, and Honeywell can supplement its response in the future should more information become available to it." (*Id.*)

Honeywell responds that Interrogatory No. 19 is a contention interrogatory and states that it "will provide Raymarine with a full accounting of its damages theory consistent with the scheduling order deadline to provide expert reports." (Mem. in Opp'n at 13.)  Honeywell also asserts that "Raymarine has still not produced the necessary information for an estimation of damages" despite requests from Honeywell, which is impeding its damages analysis.  (*Id.*)  According to Honeywell, "Raymarine has no standing to complain about Honeywell's response to Interrogatory No. 19 when Raymarine has yet to fulfill its own obligations to provide the underlying financial data." (*Id.* at 15.)

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(b).  Contention interrogatories are distinct from interrogatories seeking the identification of witnesses or documents related to the allegations.  *In re Grand Casinos Inc. Sec. Litig.*, No. 4-96-890 (JRT/RLE), 181 F.R.D. 615, 618 (D. Minn. 1998).  Contention interrogatories "'may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, or to explain how the law applies to the facts.'"  *Id.* (quoting *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D.

---

[1] This matter was stayed for approximately two years pending resolution of reexamination proceedings before the United States Patent and Trademark Office. (*See* Docket Nos. 108, 138.)

Conn. 1996)). Under the Federal Rules of Civil Procedure, "[a]n interrogatory is not objectionable merely because it relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete . . . or some other time." Fed. R. Civ. P. 33(a)(1).

Interrogatory No. 19 is arguably a contention in that Raymarine seeks all facts supporting each type of damages claimed by Honeywell. Yet, under Rule 26, Raymarine is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Contention interrogatories that seek damage theory and methodology information almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) . . . , seeking as they do, information about an inherent element of a claim." *U.S. ex rel Tyson v. Amerigroup Ill., Inc.*, 230 F.R.D. 538, 544 (N.D. Ill. 2005).

Further, Honeywell was already required to provide similar information as part of its initial disclosures under Rule 26(a). Under Rule 26(a), a party must provide

> *a computation of each category of damages claimed by the disclosing party*—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary materials, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(iii) (emphasis added).

Finally, Honeywell can supplement its response to Interrogatory No. 19 when its expert report is produced. *See* Fed. R. Civ. P. 26(e) (noting party's duty to supplement responses to interrogatories when additional or corrective information becomes known);

9

Fed. R. Civ. P. 33 advisory comm. note to 1970 amend. (stating "interrogating party will ordinarily not be entitled to rely on the unchanging character of the answers he receives and cannot base prejudice on such reliance").

Therefore, Raymarine's motion is granted with respect to Interrogatory No. 19.

## III.

At the hearing, Raymarine orally moved for the production of certain license agreements that Honeywell had entered into with third parties concerning the patents-in-suit. The license agreements contain confidentiality provisions which preclude production absent an order of the Court. Honeywell did not oppose the motion and the Court granted it on the record.

The license agreements are relevant to the instant matter and reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Honeywell shall produce to Raymarine those licenses responsive to Raymarine's Request for Production No. 1.

[Continued on next page.]

## IV.

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Raymarine, Inc. and FLIR Systems, Inc.'s Motion to Compel Plaintiff Honeywell International Inc. to Respond in Full to Document Requests, Interrogatories, and Requests for Admissions (Docket No. 184) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. Each party shall bear its own attorneys' fees and costs.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May     29    , 2013

    *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
for the District of Minnesota

*Honeywell v. Furuno Electric Co., Ltd. et al.*
File No. 09-cv-3601 (MJD/TNL)